IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| vs. | : MJ CASE NO. 16-00013-N |
| : | |
| : | |
| JEREMIAH HUNTER, : | |
| Defendant. | |

ORDER

This action is before the Court on the Government's Motion for Detention. (Doc. 8). A detention hearing was held before the undersigned Magistrate Judge on March 9, 2016. Present at the hearing were the defendant, Jeremiah Hunter, along with his counsel of record Jeff Deen, Esq., and Assistant United States Attorney Maria Murphy. Upon careful review of the Court file, including the pretrial services report, the affidavit submitted in support of the criminal complaint, the evidence presented at the detention hearing and the applicable case law, the Court, for the reasons that follow, grants the Government's motion.

BACKGROUND

Defendant Jeremiah Hunter, age 39, is charged by way of a criminal complaint with receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2)(A). Specifically, defendant, who is a teacher at Hankins Middle School, is charged with receiving nude pictures of underaged males who are current students at Hankins Middle School and Theodore High School. On

1

March 8, 2016, based on the affidavit and testimony of FBI Special Agent Paul Roche, the undersigned found that the Government established probable cause to believe that Defendant engaged in this offense. At the time of the probable cause hearing Defendant was under a no bond hold from Mobile County District Court.[1] At the conclusion of the probable cause hearing counsel for Defendant advised that the state court judge had set bond and that a local bonding company had tendered the bond to the court. The undersigned then scheduled a detention hearing for March 9, 2016.

ANALYSIS

Pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3142, a defendant may be detained pending trial only after a hearing, held pursuant to 18 U.S.C. § 3242(f), and upon a finding that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). A finding that the defendant is *either* a flight risk or a danger to the community is sufficient to detain the person pending trial. *United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988). In making this determination, the Court considers the following § 3142(g) factors: (1) [t]he nature and circumstances of the offense charged, including whether the offense is a

---

[1] On February 18, 2016 Defendant was arrested for Stalking 2nd Degree. He was released on bond the same day. On February 26, 2016, Defendant was arrested for Tampering with Physical Evidence. Based on the new charge his bond was revoked on the stalking charge. The charges arise out of defendant's alleged stalking of an underaged student at Hankins Middle School and asking a colleague to remove a backpack from his classroom.

crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including -- (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *See* 18 U.S.C. § 3142(g).

Once probable cause is established that the defendant engaged in a felony involving a minor victim, a statutory presumption weighing against the defendant's pretrial release arises. 18 U.S.C. § 3142(e)(2), (f)(1); *United States v. Hurtado*, 779 F.2d 1467, 1479 (11th Cir. 1985). Once invoked, the defendant is obliged to produce evidence to rebut that presumption. *United States v. Niles*, 874 F. Supp. 1372, 1374 (N.D. Ga. 1994) (citing *United States. v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990)). If the defendant is successful, "the presumption does not disappear, but rather becomes evidence to be weighed, along with other evidence, as suggesting a risk of flight or risk of danger." *Id*.

*Risk of Flight*

The government argues that the Defendant is a risk of flight on the grounds, in sum, that he faces a five year minimum mandatory sentence if convicted on this charge. Defendant notes that he is a life long resident of Mobile and has been a teacher for over a decade. Mitchell Carter, who identified himself as the "best friend" of the Defendant, testified that he has known the Defendant for approximately seven years and that in his opinion he would not flee the jurisdiction. Michelle Barousse, a colleague of defendant's at Hankins Middle School testified that she has known and worked with Defendant for many years and that he has strong ties to the community. The undersigned finds that the Defendant has rebutted the presumption as to the risk of flight issue.

*Danger*

The government also moves for detention on the grounds that defendant presents a danger to the community. Defendant, a teacher in a position of trust, is charged with receiving nude photographs of underaged male students. In addition to the federal complaint, defendant has pending charges out of Mobile County District Court for Stalking Second Degree and Tampering with Physical Evidence. These two state court charges also appear related to an underaged male student. Aside from these two state court charges and the instant offense, defendant has no criminal history. Defendant reports no substance abuse history.

However, the weight of the government's case is strong. Defendant admitted to receiving approximately 10 emails from a young male student containing nude photographs of the genitalia of underaged males – all students at either Hankins Middle School or Theodore High School. The affidavit in support of the complaint identifies pictures of eight different children. Emails in Defendant's accounts contain communications purportedly authored by Defendant, including instructions to the child that sent the pictures to obtain more photographs of a specific child. In one email chat Defendant declines to chat with one student because of a concern that the student's mother reads his emails. During the search of his home Defendant gave authorities his password for his personal cell phone and laptop computer, which correspond to the birthdate of the student Defendant is accused of stalking in the state case. Further, the same child's name was found to be Defendant's password on his work computer at Hankins Middle School.

On cross examination by the Government, Mr. Carter, who works as a cosmetologist, testified that he has cut the hair of the alleged stalking victim on two occasions. Carter admitted that after defendant's arrest he learned that defendant had called the alleged stalking victim, pretending to be Carter, and asking how he liked his haircut. Testimony was also presented that approximately one year ago, Defendant purchased a home located approximately 7-8 houses away from the alleged stalking victim. Defendant

currently resides at the home with his mother, who counsel proffered as a 3rd party custodian.

Defendant's other witness, Mrs. Barousse, conceded on cross examination that in 2015 at a teaching conference she became uncomfortable when the Defendant told her he had received a text message from a student that contained a video of the student masturbating. Barousse stated that she left the conversation but failed to report the incident because she "did not know who the child was." Barousse further testified that on February 23, 2016, defendant was not at school but that he called her and later texted her requesting that she retrieve his backpack from his classroom. Barousse initially testified that she removed the backpack of her own accord; however, upon pressing by AUSA Murphy conceded that Defendant had made the request via text message. Upon further questioning by the AUSA, Barousse conceded that defendant had called her and then texted her, instructing her to secure the backpack. Barousse testified that she complied and ultimately turned the backpack over to the vice-principal.

FBI Forensic Examiner Candace Hunter testified that she reviewed Defendant's phone and personal computer. Agent Hunter said that she reviewed Defendant's GOOGLE searches from 2013 to 2014 and discovered queries relating to "sending anonymous texts", "sending anonymous

pictures", "young boys" and "twink."[2] Agent Hunter testified that in a chat in February 2015, defendant notes that he got a new cell phone because of the police investigation. In February 2016 Defendant asks one of the children he is texting to delete the conversations so it "does not cause problems". In another chat, purportedly between Defendant and the underaged stalking victim, Defendant discusses a sex act with the victim. When the victim tells Defendant he likes girls, the Defendant threatens to post online the pictures the victim sent him. Agent Hunter further testified that in a December 2015 conversation Defendant expressed despair and contacted an individual about purchasing a Glock handgun and ammunition and on February 11, 2016 Defendant wrote what appeared to be a suicide note questioning how much of a prescription drug would be needed to end one's life.

On cross examination, defense counsel suggested that Defendant had deleted the nude photographs from his cell phone and that forensic examiners had to retrieve them from "the cloud". However, Agent Hunter testified that none of the items had been deleted and were, in fact, still on the Defendant's devices when they were searched.

Based on the evidence presented at the preliminary hearing and the detention hearing the undersigned finds that the Defendant has not rebutted the presumption of detention. The undersigned finds that the weight of the evidence against Defendant is compelling. Defendant has admitted to

---

[2] Agent Hunter stated that the term refers to underage young teen boys engaging in sexual acts.

receiving an email from an underaged student with pictures of the genitalia of other underaged students. Defendant's prior criminal history, which consists of a stalking 2nd charge and a tampering with evidence charge appear related to a an inappropriate relationship with an underage male student. Moreover, Defendant faces a significant period of incarceration if convicted of the alleged offense. For the reasons set forth above, the undersigned finds, by clear and convincing evidence, that there are no conditions or combination of conditions that will reasonably assure the safety of the community. Thus, the Government's Motion to Detain (doc. 8) is granted.

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On Order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE this the 10th day of March 2016.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**