**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| V. | * | CASE NO. 1:16-CR00054-001 |
| | * | |
| JEREMIAH HUNTER | | |

**POSITION OF DEFENDANT WITH RESPECT TO SENTENCING FACTORS**

Defendant, Jeremiah Hunter, by and through undersigned counsel, files his position with respect to the Presentence Investigation Report and the sentencing factors contained therein as follows:

1. Defendant objects to the inclusion of paragraphs 5 and 6 in the PSR. These two paragraphs are not part of the offense alleged in the indictment. Those paragraphs refer to a State misdemeanor stalking charge which was eventually dropped by the Mobile County District Attorney's Office. Defendant submits that these paragraphs and others relating to that charge which are contained in the PSR are presented for inflammatory purposes and not for any purpose relating to the sentencing issues in this case. The alleged victim in that case, his girlfriend and the girlfriend's mother were friends of the Defendant. At the time of the alleged "stalking," the alleged victim was not a student of defendant's and was over the age of consent in Alabama. There was no evidence or even an allegation in the so called stalking case that defendant had ever touched the alleged victim in an improper manner, that he had ever propositioned the victim, that he had requested a salacious photo from the alleged victim or that he ever communicated in any manner the hint of doing anything illegal with the alleged victim.

2. Defendant objects to paragraph 35 in the Defendant's Criminal History section which contains a synopsis from a MCSO report. Defendant contends that the synopsis should be redacted from the PSR. The synopsis pertains to the same "alleged stalking" charge referenced in paragraphs 5 and 6. As noted above, the alleged stalking charge was dropped. Even though that case is not related factually to the case at bar, the PSR presents three pages of innuendoes, allegations and un-vetted suppositions to support a misdemeanor offense which State authorities declined to pursue.

   For example, this portion of the PSR implies that defendant purchased a house in close proximity to the "alleged victim's" as part of his stalking campaign. Defendant submits that in 2015, he was living in Grand Bay. He wanted to buy a house closer to his place of employment at Hankins Middle School. His real

estate agent found a house in Hidden Pines Subdivision.  It was mere happenstance that the alleged victim lived close by in Ashton Woods subdivision.

The PSR does not inform the court that the stalking charge was investigated by both the Mobile County School Board and Mobile County Sheriff's Office in December of 2015 and that both those entities found no reason to pursue criminal charges or disciplinary action against the defendant.  The PSR fails to inform the court that the Gillespie referred to paragraph 35 is not only the mother of the alleged victim in the stalking case but also a detective with the Mobile County Sheriff's Department.  She and the alleged victim's father are divorced.  The father has custody of the alleged victim.  Detective Gillespie did not approve of the friendship between her son and his homosexual former teacher.  The alleged victim often confided in the defendant about personal matters.  Defendant wrote a letter to the alleged victim's father which outlined some of the problems his son was having with his mother. The father shared the letter with Detective Gillespie which gave her further reason to be biased and prejudiced against the defendant. Unsatisfied with the investigations which found no misconduct on defendant's part, Defendant is of the information and belief that she used her contacts in law enforcement to fuel further action against the defendant.

In addition, Defendant submits the alleged victim was not the one who signed the complaint or the affidavit in support of the complaint. During the period that the stalking was allegedly taking place, the alleged victim and his girlfriend initiated many contacts with the defendant and even took him out to eat on his birthday.

In any event, there is no justifiable reason for three pages of a synopsis from a police report in an unrelated criminal matter which contains inflammatory, prejudicial and unproven allegations to be contained in the PSR.  Defendant objects and moves this court to redact pages nine (9) thru ten (10) and, half of page eleven (11).

3. Defendant objects to the second sentence in Paragraph 8. Defendant did not tell Child 1 that Child 6 had shown him a video of him masturbating. In the previous school year, Defendant had caught Child 6 viewing such a video in class and admonished him to get rid of it.

4. Defendant objects to paragraph 10. Only 9 pictures were shown to defendant not 10.

5. Defendant objects to paragraph 11. Child 2 was in the 8th grade.

6. Defendant objects to paragraph 12.  Child 6 did not show defendant a video of himself masturbating.  Defendant caught him watching it on his phone during class and told him to get rid of it.

7. Defendant objects to paragraphs 15.  There was no testimony during trial that in January or February of 2015, Defendant began a snapchat conversation with a 14-year -old boy in which he inquired about the boy's sexual experience.  The evidence from Defendant's phone did not corroborate this statement.

   When asked "what he was doing" in a text conversation, defendant did not respond that he was "jerking". The "jerking" comment was made by the child, not the defendant.  The evidence at trial revealed that the child on several occasions invited defendant over to his house or asked to come to Defendant's house.  Defendant never went to the child's house and the Child never came to his.  In fact, the evidence was that the Defendant ignored the Child's frequent entreaties for them to do something together.

8. Defendant objects to paragraphs 16 and asks that it be redacted from the PSR. The student referenced in this paragraph was not in defendant's 9th grade health class. He was in his 1st quarter 10th grade class.  The conversation was during the 2nd semester of the student's 10th grade year when he was 16 and no longer a student of defendant's. The conversation was about sexual orientation. There was no physical contact between the two.  Defendant denies he said anything about the whole school knowing anything. The student did move but returned to Theodore to graduate.  When his former student was 20 years old, he contacted the defendant about hanging out as friends. They did socialize some but there was never any physical contact between them.  This paragraph is inflammatory and should be redacted

9. Defendant objects to paragraph 17.  All sites referred to were adult sites. The name of the site does not depict the content.

10. Defendant objects to the exploitation language in paragraph18 concerning victim impact.  Paragraph 18 does not mention that the pictures in this case were taken by the students themselves.  Defendant did not take them nor did he or any other person encourage them to do so.  The students published the pictures to other people in their age group.  Some of the pictures were disseminated by the students with the intent to have similar pictures of other students sent back to them in exchange. Defendant did not ask for the pictures to be taken and did not know about them before they were sent to him.  For aught that appears, the students exploited themselves.

11. Defendant objects to paragraph 20 in which the PSR precludes defendant from consideration for an adjustment for acceptance of responsibility by partially quoting footnote 2 in the commentary to U.S.S.G. 3E1.1. Defendant had remorse prior to trial.  His inaction in not reporting the student who sent him the pictures was motivated by a desire to not get his student in trouble for having the prohibited pictures on his cell phone. His inaction was nonfeasance not malfeasance.  He should not be punished for legitimately exercising his constitutional right to a trial by jury.   The PSR omits to the part of U.S.S.G.

    3E1.1(fn2) which states: "Conviction `by trial, however, does not automatically preclude a defendant from consideration for such a reduction."

12. Defendant objects to the 5 level increase contained in paragraph 23 in that his receipt of a handful of pictures all on the same day which were all sent by one person did not involve a pattern of activity involving the sexual abuse or exploitation of a minor.

13. Defendant objects to the increase of 2 levels contained in paragraph 24 as the offense did not involve the use of a computer or computer service to possess the material. The images in question were sent by text from one phone to another.

14. Defendant objects to paragraph 28. Defendant submits that the adjusted offense level should be 18 instead of 27.

15. Defendant objects to a portion of paragraph 48. He has an undergraduate degree from the University of Mobile.

16. Defendant objects to a portion of paragraph 51. He resigned his teaching position. He was not terminated.

17. Defendant to objects paragraph 57. Based on a total offense level of 18 and a criminal history of I, the guideline range is 27 to 33 months.

    Respectfully Submitted,

    /s/ T. Jefferson Deen, III _____
    T. Jefferson Deen, III
    Attorney for Defendant
    207 Church Street
    Mobile, AL  36602
    (251) 433-5860
    Tjeffdeen@deenlawpc.com

**CERTIFICATE OF SERVICE**

5

This is to certify that on the 28th day of October, 2016, the foregoing document has been served with the Clerk of Court using CM/ECF system which will send notification to all interested parties.

/s/ T. Jefferson Deen, III_____
T. Jefferson Deen, III
Attorney at Law